UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** _____

**Motion for:** AN ORDER AUTHORIZING
DISTRICT COURT TO CONSIDER A
SECOND OR SUCCESSIVE 2255 PETITION

Set forth below precise, complete statement of relief sought:

REQUESTING AN ORDER AUTHORIZING
DISTRICT COURT TO CONSIDER A
SECOND OR SUCCESSIVE PETITION
PURSUANT TO 28 U.S.C. §§
2244 B; 2255. IN ORDER
TO FURTHER PETITION HEREIN ISSUES.

**Caption [use short title]**

RONALD OCASIO

V.

UNITED STATES OF AMERICA

CASE NO. 95-CR-942 (DAB)

**MOVING PARTY:** RONALD OCASIO

**OPPOSING PARTY:** UNITED STATES OF AMERICA

☐ Plaintiff        ☐ Defendant
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** RONALD OCASIO

**OPPOSING ATTORNEY:** _____

[name of attorney, with firm, address, phone number and e-mail]

GREEN HAVEN CORRECTIONAL FACILITY
594 ROUTE 216
STORMVILLE, N.Y., 12582

UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF NEW YORK
ONE ST. ANDREW'S PLAZA, N.Y.C., N.Y. 10007

Court-Judge/Agency appealed from: _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?    ☐ Yes  ☐ No
Has this relief been previously sought in this Court?  ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?    ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**
R. Occa~    **Date:** 2/20/19    Service by: ☐ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): _____

Caption [use short title]

Motion for: AN ORDER AUTHORIZING
DISTRICT COURT TO CONSIDER A
SECOND OR SUCCESSIVE PETITION

Set forth below precise, complete statement of relief sought:
REQUESTING AN APPOINTMENT
OF COUNSEL IN ORDER FOR
PETITIONER TO FURTHER
BRIEF THE DISTRICT COURT
ON THE SAID ISSVES.

RONALD OCASIO

V.

UNITED STATES OF AMERICA

CASE NO. 95-CR-942 (DAB)

MOVING PARTY: RONALD OCASIO
OPPOSING PARTY: UNITED STATES OF AMERICA

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: RONALD OCASIO
OPPOSING ATTORNEY: _____

[name of attorney, with firm, address, phone number and e-mail]

GREEN HAVEN CORRECTIONAL FACILITY   UNITED STATES ATTORNEY'S OFFICE
594 ROUTE 216   SOUTHERN DISTRICT OF NEW YORK
STORMVILLE, N.Y. 12582   ONE ST. ANDREW'S PLAZA, N.Y.C, N.Y, 1000

Court-Judge/Agency appealed from: _____

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date:_____

Signature of Moving Attorney:
R. Ocasio   Date: 2/20/19   Service by: ☐ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

Ronald Ocasio
94-A-5445
Green Haven Corr. Fac.
594 Route 216
Stormville, NY 12582

March 14, 2019

Clerk's Office
U.S. COURT OF APPEALS
FOR 2nd CIRCUIT
U.S. COURTHOUSE
40 Foley Square
New York, NY 10007

        **In RE: Ocasio v. United States**
            **Docket No. 19-487**
        **Sub: Curing Defective Filing**

Dear Clerk of the Court:

    On March 6, 2019 I received and signed for the "Notice of
Defective Filing" on the above Docket Number, dated February
27, 2019.
    Enclosed please find an original and (2) two copies of
the application to file a successive petition attach with the
certificate of service. Furthermore, I have enclosed an
original of supporting declaration or Ronald Ocasio, attach
with certificate of service.
    Petitioner has cured the defective filing in a timely
manner, no later than the March 20, 2019 deadline.
    I, thank you for your attention and consideration in this
matter, I remain.

                            Respectfully,

                            R. Ocasi
                            _____
                            Ronald Ocasio

c.c. file:

RONald OCASIO 94A5445
GREEN HAVEN CORR. FAC.
594 ROUTE 216
STORMVille, N.Y. 12582

CLERK'S OFFICE
U.S. COURT OF APPEALS                                    MARCH 29, 2019
FOR SECOND CIRCUIT
U.S. COURTHOUSE                        IN RE: OCASIO V. UNITED STATES
40 - FOLEY SQUARE                          DOCKET NO. 19-487
NEW YORK, N.Y. 10007               SUB: CURE DEFECTIVE FILING

DEAR COURT CLERK:
                    ON THE ABOVE dated, I RECEIVED A
NOTICE OF DEFECTIVE FILING LETTER, dated MARCH 22, 2019,
ADVISING ME, THE MOTION APPLICATION FOR A PRISONER IN
STATE CUSTODY WAS MISSING PAGE 6; (Please SEE ATTACH
COPY).
                    IN COMPLYING WITH THIS LETTER, ENCLOSED
HEREIN is A COMPLETE AND CORRECTED MOTION APPLICATION
FOR A PRISONER IN STATE CUSTODY TO INCLUDE THE
MISSING PAGE 6, ATTACH WITH THE 'PROOF OF SERVICE',
AND A COPY HAS BEEN SERVED ON SARAH EDDY LOCATED AT
ONE ST. ANDREW'S PLAZA, NEW YORK, N.Y. 10007. (Please
SEE THE ATTACH).
                    IN CLOSING, THANK YOU FOR All YOUR Help
AND CONSIDERATION IN THIS MATTER, I REMAIN.

                                        RESPECTFULLY,

C.C. FILE                                    R. Ocasi
HAND WRITTEN:                          RONALD OCASIO

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT
## TO CONSIDER A SUCCESSIVE OR SECOND HABEAS CORPUS APPLICATION
## PURSUANT to 28 U.S.C. §§ 2244 (b), 2254
## BY A PRISONER IN STATE CUSTODY

RECEIVED
2019 APR -5 PM 2:20
U.S. COURT OF APPEALS
SECOND CIRCUIT

| NAME: |
| --- |
| Ronald Ocasio |

| PLACE OF CONFINEMENT: | PRISONER NUMBER: |
| --- | --- |
| Green Haven Corr. Fac. | 94A5445 |

## Instructions–Read Carefully

(1)     This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury.  All documents must be on 8½ x 11 inch paper; the Court will not accept other paper sizes.  Any false statements of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)     All questions must be answered concisely in the proper space on the form.

(3)     Movant seeking leave to file a second or successive petition is required to use this form. In capital cases only, the use of this form is optional.

(4)     Movant may use additional pages only to explain additional grounds for relief and set forth additional facts and documents supporting any alleged grounds.  Separate petitions, motions, briefs, arguments, etc. should not be submitted.

(5)     In capital cases only, the use of this form is optional, and separate petitions, motions, briefs, arguments, may be submitted.

Rev. 1.24.2018

(6)     Movant must show in the motion to the Court of Appeals that the claim to be presented in a second or successive habeas corpus application was not presented in a prior application and that

    (1)     the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (2)    (a)     the facts underlying the claim could not have been discovered previously through the exercise of due diligence; and

          (b)     those facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2244 (b)

(7)     Send the completed motion, the original and two copies, to:

    **Clerk of Court**
    **United States Court of Appeals for the Second Circuit**
    **Thurgood Marshall United States Court House**
    **40 Foley Square**
    **New York, New York 10007**

Rev. 1.24.2018

# MOTION

1.    (a)    Name and location of court which entered the judgment of conviction under attack
   _U.S. DISTRICT COURT, S.D.N.Y._

      (b)    Case number   _95CR942 (DAB)_

2. Date of judgment of conviction _July 20, 1998_

3. Length of sentence _LIFE + 45YRS_ Sentencing Judge _DEBORAH A BATTS_

4. Nature of offense or offenses for which you were convicted: _RICO, VICAR,_
   _18 U.S.C 1959, 21 U.S.C. 846 CONSPIRACY TO DISTRIBUTE_
   _NARCOTICS, AND 18 U.S.C. 924(C) THE USE AND/OR CARRY_
   _A FIREARM IN FURTHERANCE OF CRIME OF VIOLENCE._

5. Have you ever filed a post-conviction petition, application, or motion for collateral relief
   in any federal court related to this conviction and sentence?
   Yes ☑ No ☐
   If "yes", how many times? _____1_____ (if more than one, complete 6 and 7 below as
   necessary)
   (a) Name of court _U.S. DISTRICT COURT, S.D.N.Y._
   (b) Case number _08-CIV-1305 (DAB)_
   (c) Nature of proceeding _SECTION 2255_

   (d) Grounds raised (list all grounds; use extra pages if necessary) _THAT THE GOVERNMENT_
   _KNEW OR SHOULD HAVE KNOWN WITNESS TESTIMONY WAS_
   _FALSE OR PERJURED BASED ON WITNESS COLLABORATION._

   (e) Did you receive an evidentiary hearing on your petition, application, or motion?
   Yes ☐ No ☑
   (f) Result _DENIED ON AUGUST 9, 2012_

   (g) Date of result _____

6. As to any second federal petition, application, or motion, give the same information:
   (a) Name of court _U.S. DISTRICT COURT, S.D.N.Y._
   (b) Case number _08 CIV 1305 (DAB)_

Page 3                      Rev. 1.24.2018

(c) Nature of proceeding  MOTION FOR RECONSIDERATION, LOCAL Rule
6.3 ANd SECTION 2241

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

_____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?
Yes [ ]  No [✓]
(f) Result _____ DeNied _____

(g) Date of result  JANUARY 25, 2013

7.  As to any third federal petition, application, or motion, give the same information:
(a) Name of court  U.S. DISTRICT COURT, S.D.N.Y.
(b) Case number  08 CIV 1305 (DAB)
(c) Nature of proceeding  MOTION TO VACATE JUDGMENT PURSUANT TO
Rule 60 (B)

(d) Grounds raised (list all grounds; use extra pages if necessary) _____

_____

_____

_____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?
Yes [ ]  No [✓]
(f) Result _____ DeNied _____

(g) Date of result  MAY 8, 2014

8.  Did you appeal the result of any action taken on your federal petition, application, or
motion? (Use extra pages to reflect additional petitions if necessary)
(1) First petition, etc. No [ ]  Yes [✓]  Appeal No. CERTIFICATE OF Appeal(ABiLity DeNied
(2) Second petition, etc. No [ ]  Yes [ ]  Appeal No. _____ 2/25/13 And
(3) Third petition, etc. No [ ]  Yes [ ]  Appeal No. _____ 6/2/13

9.   If you did not appeal from the adverse action on any petition, application, or motion,
     explain briefly why you did not: _____
     _____
     _____
     _____
     _____

10.  State concisely every ground on which you now claim that you are being held unlawfully.
     Summarize briefly the facts supporting each ground.

     A.   Ground one: 18 U.S.C. §1959 IS NOT A CRIME OF
                      Violence

          Supporting FACTS (tell your story briefly without citing cases or law):
          18 U.S.C. §1959(a)  NO Longer QUALifies AS A
          "CRiME OF ViolenCe" UNDER THE PRINCiple LAW OF DiMAYA.
          (SEE File MOTiON SUBMiTTed ON FEBRUARY 20, 2019).
          _____
          _____
          _____
          _____

          Was this claim raised in a prior federal petition, application, or motion?
          Yes [ ]   No [✓]

          Does this claim rely on a "new rule of constitutional law?" Yes [✓]   No [ ]
          If "yes," state the new rule of constitutional law (give case name and citation):
          SESSiON  V.  DiMAYA
          138 S.CT. 1204 (2018)

          Does this claim rely on "newly discovered evidence?" Yes [ ]   No [✓]
          If "yes," briefly describe the newly discovered evidence, attach a copy (if
          available), state when you obtained it, and why it was not previously available to
          you.
          _____
          _____
          _____
          _____
          _____
          _____
          _____

Rev. 1.24.2018

B.    Ground two: *THE RESIDUAL CLAUSE IN §924(C)(3)(B) IS UNCONSTITUTIONAL VAGUE.*

Supporting FACTS (tell your story briefly without citing cases or law):

*AS THE DIMAYA'S DECISION HAS ESTABLISHED, §1959 CAN NO LONGER QUALIFY AS A "CRIME OF VIOLENCE" AS DEFINED BY §924(C), AS A RESULT PETITIONER'S SENTENCE CAN NO LONGER STAND. (SEE SUBMITTED MOTION FILED ON FEBRUARY 20, 2019).*

Was this claim raised in a prior federal petition, application, or motion?
Yes ☐   No ☑

Does this claim rely on a "new rule of constitutional law?"   Yes ☑   No ☐
If "yes," state the new rule of constitutional law (give case name and citation):

*SESSION V. DIMAYA
138 S.CT 1204 (2018)*

Does this claim rely on "newly discovered evidence?" Yes ☐   No ☑
If "yes," briefly describe the newly discovered evidence, attach a copy (if available), state when you obtained it, and why it was not previously available to you

_____
_____
_____
_____
_____
_____

**[Additional grounds and facts and documents supporting any alleged grounds may be set forth on extra pages if necessary]**

11.    Do you have any motion or appeal now pending in any court as to the judgment now under attack? Yes ☐  No ☑
If yes, Name of court _____ Case number _____

Rev. 1.24.2018

C. GROUND THREE: THE TERM "PATTERN OF RACKETEERING ACTIVITY" PRODUCES MORE UNPREDICTABILITY, ARBITRARINESS, and INDETERMINAC THAN DUE PROCESS CLAUSES TOLERATES.

SUPPORTING FACTS: UNDER THE DIMAYA PRINCIPLES OF LAW, THE TERM "PATTERN OF RACKETEERING ACTIVITY" MUST BE INVALIDATED. (SEE SUBMITTED MOTION FILED ON FEBRUARY 20, 2019).

WAS THIS CLAIM RAISED IN PRIOR FEDERAL PETITION, APPLICATION OR MOTION? NO

DOES THIS CLAIM RELY ON A "NEW RULE OF CONSTITUTIONAL LAW? YES.

SEE SESSION V. DIMAYA, 138 S.CT 1204 (2018)

D. GROUND FOUR: A VIOLATION OF 21 U.S.C. §846 DOES NOT QUALIFY AS A "RACKETEERING ACTIVITY" FOR PURPOSE OF §1959.

SUPPORTING FACTS: CONSPIRACY TO DISTRIBUTE NARCOTICS SUBSTANCES NO LONGER QUALIFY AS "RACKETEERING ACTIVITY" FOR PURPOSE OF §1959. (SEE SUBMITTED MOTION FILED ON FEBRUARY 20, 2019).

WAS THIS CLAIM RAISED IN PRIOR FEDERAL PETITION, APPLICATION OR MOTION? NO

DOES THIS CLAIM RELY ON A "NEW RULE OF CONSTITUTIONAL LAW? YES

SEE SESSION V. DIMAYA, 138 S.CT 1204 (2018)

PAGE 6(A)

Wherefore, movant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Applicant' s Second or Successive Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

_R. Ocasi_
Movant's Signature

I declare under Penalty of Perjury that my answers to all the questions in this motion are true and correct.

Executed on _3/29/19_         _R. Ocasi_
          [date]               Movant' s Signature

## PROOF OF SERVICE

Movant must send a copy of this motion and all attachments to the attorney general of the state in which applicant was convicted.

I certify that on _MARCH 29, 2019_____ , I mailed a copy of this motion*
                   [date]

and all attachments to _SARAH EDDY_____ at the following address:

_U.S. ATTORNEY'S OFFICE, ONE ST. ANDREW'S PLAZA,_
_NEW YORK, N.Y., 10007_

_R. Ocasi_
Movant' s Signature

---

*    Pursuant to FRAP 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with  28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

US POSTAGE $

04/03/2019

RETURN

GREEN HAVEN
CORRECTIONAL FACILITY

USM 40LD
SDNY

RONALD OCASIO 94A5445
GREEN HAVEN CORR. FAC.
594 ROUTE 216
STORMVILLE, N.Y., 12582

CLERK'S OFFICE
UNITED STATES COURT OF APPEALS
FOR SECOND CIRCUIT
U.S. COURTHOUSE
40 - FOLEY SQUARE
NEW YORK, N.Y., 10007

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

OCASIO, Ronald

**CERTIFICATE OF SERVICE***

Docket Number: 19-487

v.

UNITED STATES OF AMERICA

I, Ronald Ocasio , hereby certify under penalty of perjury that
(print name)

on MARCH 14, 2019 , I served a copy of THE APPlICATION TO FILE
(date)

A SUCCESIVE petition, Authorizing DISTRICT COURT To Consider.
(list all documents)

by (select all applicable)**

___ Personal Delivery     ✓ United States Mail     ___ Federal Express or other
                                                          Overnight Courier

___ Commercial Carrier     ___ E-Mail (on consent)

on the following parties:

UNITED STATES ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF NEW YORK
Name          Address          City          State     Zip Code

ONE ST. ANDREW'S PlAZA , NEW YORK, N.Y., 10007
Name          Address          City          State     Zip Code

_____
Name          Address          City          State     Zip Code

_____
Name          Address          City          State     Zip Code

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or
proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously
filed.

**If different methods of service have been used on different parties, please complete a separate
certificate of service for each party.

MARCH 14, 2019                          R. Ocasi
Today's Date                            Signature

Certificate of Service Form (Last Revised 12/2015)

NEOPOST
03/18/2019
US POSTAGE $001.00
ZIP
041L11303963

USM 40LD
SDNY

CLERK'S OFFICE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
U.S. COURTHOUSE
40 FOLEY SQUARE
NEW YORK, N.Y., 10007

RONALD OCASIO 94A5445
GREEN HAVEN CORR. FAC.
594 ROUTE 216
STORMVILLE, N.Y., 12582

R. DCASIO
94A5445

CO-6.07 3-14-19

Ronald Ocasio #94a5445
Green Haven Corr. Fac.
594 Route 216
Stormville, N.Y., 12582

February 20, 2019

Clerk of Court
U.S. Court of Appeals
For the Second Circuit
40 Foley Square
New York, N.Y., 10007

IN RE:  Ronald Ocasio v. United States
        Case No: 95-CR-942 (DAB)

Dear Clerk of the Court:

I am the petitioner in the above-mentioned case. I now write you submitting an original and 2 copies on the motion for an order authorizing the District Court to consider a successive or second Habeas Corpus application pursuant to 28 U.S.C. §§ 2244 (b); 2255.

I thank you for your time and consideration on this matter.

Respectfully,

R. Ocai

Ronald Ocasio

CC.File:

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Ronald Ocasio,

               Petitioner,     Case No. 95-CR-942 (DAB)

     vs.

United States of America,

               Respondent.

### MEMORANDUM OF LAW IN SUPPORT OF PROSE MOTION, PETITIONER'S REQUEST TO FILE A SECOND OR SUCCESSIVE §2255 PETITION IN LIGHT OF THE SESSIONS V. DIMAYA DECISION

Now comes Ronald OCASIO, hereinafter "petitioner", pro se, moving this Honorable Court to grant him permission to file a second successive petition pursuant to 28 U.S.C. §2255(h). Petitioner asserts that the recent decision in Sessions v. Dimaya, 138 S.Ct. 1204 (2018), has affected the validity of his current sentence and this court should grant permission to file a second successive petition to vacate, set-aside, or correct.

### JURISDICTION

In order for petitioner to move forward, he must make a "prima facia" showing of a denial of a constitutional right.

In Johnson v. United States the Supreme Court specifically stated that "[B]y combining indeterminacy to measure the risk posed by a crime with determinacy about how much risk it takes for a crime to qualify as a violate offense the residual clause of 924(E)(2)(B) produces more

1

unpredictability and arbitrariness than due process clause tolerates" (**135 S.Ct. 2251, 2258**). The Supreme Court subsequently held that the **Johnson** decision announced a new substantive rule that has retroactively effected cases that seek collateral review (**Welch v. United States, 136 S.Ct. 1257, @ 1265 [2016]**).

The Supreme Court's decision in Dimaya: the **18 U.S.C. § 16(b)** residual clause is unconstitutionally vague, which produces more "unpredictability and arbitrariness than the due process clause tolerates" (**Dimaya, Id. @ 1211**). Supreme Court held this particular case involves removal, **§16(B)** is a criminal statute with criminal sentencing consequences, See, **supra at 1211 also 1217.** The Dimaya decision has also affected other statutes and guideline provisions. Petitioner claims that Dimaya's decision has created the door through which he may present his issues to this Honorable Court. Petitioner is "Actually Innocent" of his conviction and sentence because the residual clause of **18 U.S.C. §16(B)** is "unconstitutional" under the Fifth Amendment's Due Process Clause within the meaning of that statutory text as interpreted by the **Dimaya** decision. Petitioner contend that the language Supreme Court found "unconstitutional" in Dimaya is similar language use in the statute in which he was convicted of and sentenced to. After reviewing the facts of this case, this Court should determine that petitioner has made a "prima facia" showing of the denial of a constitutional right.

2

## PROCEDURAL HISTORY

Petitioner assumes this Honorable Court is familiar with the procedural history of this case, based on prior filings; so, to avoid redundancy, he will opt not to provide this information here.

## STATEMENT OF FACTS

In October 1995 petitioner was indicted in the Southern District of New York, charged with violating **18 U.S.C. §§1961** and **1962** (racketeer influence and corrupt organization); **18 U.S.C. §1959** (VICAAR): **21 U.S.C. §846** (conspiracy to distribute narcotics); and **18 U.S.C. §924(C)** (the use or carry of a firearm in furtherance of a crime of violence).

Petitioner was tried on all counts before Honorable Deborah A. Batts, of the Southern District of New York, on February 7, 1997. The jury rendered a guilty verdict on all counts.

In July 1998 Petitioner was sentenced to life imprisonment, a consecutive term of forty-five years imprisonment, a five year term of supervised release, and a mandatory six hundred and fifty dollars special assessment.

## RELEVANT FACTS

On June 26, 2015, in **Johnson v. United States**, the Supreme Court held that the "residual clause" of **18 U.S.C. §924(E)(2)(B)**, the armed criminal act (ACCA), is "unconstitutionally vague" (**135 S.CT. 2551**)--a statute that violated the Fifth Amendment's guarantee to due process. It

3

is within this decision that the court has finally noted that
fair notices were being denied to defendants and thereby
inviting arbitrary enforcement by judges.

Furthermore, the Johnson court also held that the process
by which court's classified prior convictions under ACCA's
residual clause was faulty, specifically in determining
whether a particular statute constituted a violent felony
under ACCA. This court's ruling has determined that courts'
examined only the statutory elements of the offense, not the
particular facts of a case. Under these standards, courts'
were required to picture the "ordinary case", meaning that
they had to evaluate whether the type of conduct the crime at
issue ordinarily involved, posed, in the abstract, a serious
risk of potential injury (2557). The Johnson court held that
this "ordinary case" inquiry was too "wide-ranging" and
"indeterminate", thus "denying fair notice to defendants and
invit[ing] arbitrary enforcement of judges." This ruling
demonstrate why the two aspects of the residual clause's
categorical approach--the ordinary case determination and the
risk assessment approach-- "conspire" to make the clause
unconstitutionally vague (Id. 2557).

Following the Johnson ruling, several federal Court of
Appeals have concluded that the residual clause in **18 U.S.C.
§16(B)** is void for vagueness, based on Johnson, because it
perfectly mirrors **18 U.S.C §924(E)(2)(B)**. Due to the Johnson
court's decision, Circuit courts' have been split on the
issue, staying all motions on the matter-until, that is, the

4

Dimaya decision.

### THE DIMAYA DECISION

On April 17, 2018, in **Session v. Dimaya**, the Supreme Court held the residual clause of **18 U.S.C. §16(B)** is "unconstitutionally vague" (**138 S.Ct. 1204**). In leaving no room for misunderstanding, this court held, "the question in this case is whether similarly worded clauses in a statute's definition of 'crime of violence' suffers from the same constitutional defect adhering to our analysis in Johnson, we hold that it does" Id. at (**1211**); "the difficulty comes in **§16's** residual clause just as in ACCA's, from applying such a standard to a judge-imagined abstraction', i.e., 'an idealized ordinary case of the crime" Id. at (**1216**); and "it is then that the standard ceases to work in a way consistent with due process. Dimaya has now officially invalidated **§16(B)** as 'unconstitutionally vague'" Id. at (**1208**).

Petitioner contends that **18 U.S.C. §16** provides a generic definition of the term "crime of violence" that is  reference into his statute of conviction **18 U.S.C. §1959**. By reference, and therefore has bought into question whether or not §1959 similar statutory language can be qualified as a "Crime of Violence". Petitioner asserts the following facts in support of his **Dimaya claim.**

### ISSUE

### 1. 18 U.S.C. §1959 IS NOT A CRIME OF VIOLENCE!

**18 U.S.C. §1959** can not be qualified as a violent offense. Because the term of "Crime of Violence" in §1959

5

statute is defined by reference to **18 U.S.C. §16**, **§1959** can only be considered violent if it falls with one of the two definitions in **16(A) or (B)**. **18 U.S.C. §16** defines the term "Crime of Violence" as follows:

(A) An offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another; or

(B) Any other offense that is a felony and that, by it's nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

As established earlier, the **18 U.S.C. §16(B)** clause has been found to be unconstitutionally vague. Given this ruling, therefore, §1959 can qualify as a "crime of violence" only if it falls within the "force" term in **18 U.S.C. §16(A)**.

To determine whether a predicate offense qualifies as a "crime of violence" under §1959, a court must use the categorical approach (**Descamps v. United States, 133 S.Ct. 2276, at 2283 [2013]**). This approach requires that courts "look only to the statutory definitions--i.e., the elements of a defendant's [offense] and not to the particular facts underlying [the offense] in determining whether the offense qualifies as a 'crime of violence'" (**Descamps, @ 2283**).

Under the categorical approach, a prior offense can only qualify as a "crime of violence" if all of the criminal conduct is covered by a statute--"including the most innocent conduct", as is defined by the "crime of violence" definition (**United States v. Torres-Miguel, 701 F.3d 165, 167 [4th Cir. 2012]**; see also **Moncriaffe v. Holder, 133 S.Ct. 1685 [2013]**--

6

quoting **Johnson v. United States**, 559 U.S. 133, 137 [2010])
("Because we examine what the state conviction necessarily
involved, not the facts underlying the case, we must presume
that the conviction 'rested upon [nothing] more than the
least of th[e] acts' criminalized, and then determine whether
even those acts are encompassed by the generic federal
offense".) If the most innocent conduct penalized by a
statute does not constitute a "crime of violence", then the
statute categorically fails to qualify as a "crime of
violence".

As a result, post - **Descamps**, it is clear that for VICAR,
§1959, to qualify as a "crime of violence" under §16(A)'s
force clause the offense must have an element of "physical
force", and what this "physical force" means is a "violent
force"--that is, it is a "strong physical force" that is
"capable of causing physical pain or injury to another"
(**Johnson v. United States**, 599 U.S. 133, @ 140 [2010]).
Violent crimes in aid of racketeering, as drafted in
§1959(a), does not meet this requirement because it can be
accomplished by the most "innocent conduct", which is
"conspire". Because "conspiracy" no longer qualifies as a
"crime of violence", §1959 suffers under the Dimaya
principles and, therefore, cannot be qualified as a "crime of
violence".

Since petitioner was charged with **18 U.S.C. §1959**, this
court must presume that his conviction "rested upon [nothing]
more than the least of th[e] acts criminalized..." (**Johnson,**

7

@ 137). Furthermore, the rule in such situation is clear, "where a provision of the constitution forbids conviction on a particular ground, the constitutional guarantee is violated by a general verdict that "<u>may have</u>" rested on the ground" (<u>Griffin v. United States</u>, 502 U.S. 46, 53 [1991]).

The Fourth Circuit concluded earlier in 2018, that a conspiracy to commit VICAR Murder in violation of **18 U.S.C. §1959(a)(5)** was not a "crime of violence" even under the more expansive "guideline definition" of such term because "generic" conspiracy requires an overt act and a §1959(a)(5) conspiracy does not, see **<u>United States v. McCollen</u>, 885 F.3d 300, at 308-309 (4th Cir. 2018).** Quoting, **<u>Taylor v. United States</u>, 110 S.Ct. 2143 (1990);** applying the categorical approach.

## 2. THE RESIDUAL CLAUSE IN §924(C)(3)(B) IS UNCONSTITUTIONAL VAGUE:

Petitioner's conviction and sentence include three firearm counts that were allegedly committed as "crime of violence" acts, the underlying crimes being "violent crimes in aid of racketeering" (**18 U.S.C. §1959**). As the Dimaya's decision has established, §1959 can no longer qualify as a "crime of violence" as defined by §924(C). As a result, petitioner's sentence can no longer stand.

**18 U.S.C. §924** criminalizes the use or carry of a firearm "during and in relation to any crime of violence"--that itself violates federal law. The reason why is quite simple:

8

the **18 U.S.C. §924** statute defines "crime of violence" as a
felony offense that either:

(A) Has as an element the use, attempted use, or
threatened use of physical force against the person or
property of another; or

(B) That by its nature involves a substantial risk that
physical force against the person or property of another may
be used in the course of committing the offense.

In light of this language, section 1959, therefore, does not
qualify as a "crime of violence" under the aforementioned
clause. Violent crimes in aid of racketeering as defined in
§1959, despite the title of the statute, does not qualify as
a "crime of violence" under §924(C)(3)(B)'s residual clause
because it is unconstitutionally vague as it "perfectly
mirrors" **18 U.S.C. §16(B).**

Again, as noted in the Johnson's decision, the Supreme
Court held that the ACCA's materially indistinguishable
residual clause was void for vagueness. Now, although this
case was an ACCA one, Johnson's voiding for vagueness finding
applies with equal force to the residual clause in title **18
U.S.C. §16(B).** Following the Johnson's decision, several
Court of Appeal's have concluded that the residual clause in
§16(B) is void for vagueness, causing a split between the
circuit courts. In fact, the Supreme Court has treated
§16(B), which is identical to §924(C)(3)(B), as the
fundamental equivalent of ACCA's residual (**Begay v. United
States, 553 U.S. 137, 143 [2008]**) (In discussion of ordinary
case analysis of relating to ACCA's residual clause, citing
**Leocal v. Ashcroft, 543 U.S. [2009]**).

9

The government itself acknowledged the similarities between section 16(B), section 924, and ACCA. In the Johnson decision, the government stated that "[a]lthough section 16 refers to the risk that force will be used rather than the injury will occur, it is equally susceptible to petitioner's central objection to the residual clause: like the ACCA, section 16 requires a court to identify the ordinary case of the commission of the offense and to make a common sense judgment about the risk of confrontation and other violent offenses" (**Johnson v. v. United States, Sup. Ct. Docket No. 13-7120** supplement brief of respondent, United States at 22-23, available at **2015 WL 1284964**).

Now, in the Dimaya's decision, the Supreme Court held, "the question in this case is whether...similarly worded clauses in a statute's definition of 'crime of violence' suffers from the same constitutional defect adhering to our analysis in **Johnson**, we hold it does" (Id. **§1211**). Forcing this court's attention specifically on the Dimaya's decision, the court held that "**18 U.S.C. §16(B)** residual clause is unconstitutional vague, as it produces more unpredictability and arbitrariness than the due process clause tolerates" (Id. **@ 1211**). In light of this opinion, it can now be contended that the Dimaya's decision can be viewed as officially invalidating **18 U.S.C. §16(B)** as unconstitutionally vague.

According to the Dimaya's decision, several court of Appeals' have recognized the constitutionality of **18 U.S.C. §924(C)(3)(B)** based on a conduct-specific approach. For

10

example, the First, Eleventh, and Second Circuits has opted
to take this approach (**United States v. Barrett, 903 F.3d 155
[2018]**, petition for certification filed December 2018).
While, in other instances, other courts have found
§924(C)(3)(B) unconstitutionally vague (**United States v.
Salas, 889 F.3d 681 (10th Cir. 2018); United States v.
Eshatu, 898 F.3d 36 (D.C. Cir. 2018); United States v. Davis,
903 F.3d 483 (5th Cir. 2018); United States Cardena, 842 F.3d
959 (7th Cir. 2016)**, as finding the subsection
unconstitutional; **United States v. Douglas, 907 F.3d 1 (1st
Cir. 2018); and Ovalles v. United States, 905 F.3d 1231 [11th
Cir. 2018]**). Ultimately the Supreme Court will likely resolve
the issue concerning §924(C)(3)(B)'s constitutionality due to
the developing circuit court split on the issue.

The aforementioned courts' concession makes plain that
the residual clause in sections 924(C)(3), 16(B), and
924(E)(2)(B) contain the same constitutional defect: all
three sections require an analysis of the risk inherent in an
"ordinary case". Because the Supreme Court found ACCA's and
section 16(B)'s residual clauses to be unconstitutionally
vague, this court should determine that 924(c) is
'unconstitutional' for it "alters the range of conduct or the
class of persons that the law punishes". Furthermore this
court should follow the Court of Appeal's ruling on the
matter. When determining that section 924(C)(3)(B) residual
clause is unconstitutionally vague, this court should also
determine that §1959, as presented and incorporated herein,

11

is not qualifiable as a "crime of violence" for the purpose
of §924(C).

### 3. THE TERM "PATTERN OF RACKETEERING ACTIVITY" PRODUCES MORE UNPREDICTABILITY, ARBITRARINESS, AND INDETERMINACY THAN DUE PROCESS CLAUSES TOLERATES

Petitioner contends that **18 U.S.C. §1962** is another
statute affected by the principle law of the Dimaya's
decision. In Dimaya, the Supreme Court held that "...the
language in the residual clause of §16(B) is
'unconstitutional', for the doctrine requires that a penal
statute defines the criminal offense with sufficient
definiteness that ordinary people can understand what conduct
is prohibited and in a manner that does not encourage
arbitrary and discriminatory enforcement" (**Kolender v.
Lawson**, 461 U.S. 352, 357, 103 S.Ct. 1855 [1983]); It is a
fundamental tenet of due process that "[N]o one may be
required at peril of life, liberty, or property to speculate
as to the meaning of penal statute" (**United States v.
Batchelder**, 442 U.S. 114, 123, 99 S.Ct. 2198 [1979]). This
principle applies to both criminal statutes and sentencing
provisions, for as the court previously noted, pattern of
racketeering activity "denies fair notice to defendants and
invites arbitrary enforcement by judges".

This "pattern of racketeering activity" is an essential
element of any RICO case, which is defined as requiring at
least two acts of racketeering activity within a ten year
period. This statute, as the court also noted, provides no
further clue to the meaning of "pattern". In **H.J. Inc. v.**

12

**Northwestern Bell Telephone**, 492 U.S. 229, 109 S.Ct. 2893
[1989]), for example, the Supreme Court held that "[c]ongress
intended a 'common-sense' approach to the pattern concept."
This is the same "common-sense judgment" that has been found
defective in the Dimaya's decision. Furthermore, the Supreme
Court held that a "pattern of racketeering may be established
by showing that multiple predicate acts that, (1), were
related and, (2), continued over a significant period in the
past, or threatened to continue in the future (Id. @ 2899). A
four justice minority has criticized the "pattern" concept as
susceptible to indeterminacy grounds.

   In addressing the question, Justice Scalia has asserted:
"[w]hen §1961(5) says that a 'pattern' requires as is
needful, but not sufficient. If that were not the case, the
concept of 'pattern' would have been unnecessary and the
statute could simply have attached liability to 'multiple
acts of racketeering activity', but what that something more
is, is beyond me. As I have suggested, it is also beyond the
court" (**Northwestern Bell Telephone**, **Id. 2908**). Justice
Scalia, who was joined by Justices O'conner and Kennedy, and
by Chief Justice Rehnquist, plainly invited challenges to
RICO to be brought "No constitution challenges to this law
has been raised in the present case, and so that issue is not
before us. That the highest court of the land has been unable
to derive from the statute anything more than today's meager
guidance bodes ill for the day when the challenge is
presented" (Id. **2909**).

Under **Dimaya**, the term "pattern of racketeering activity"
must be invalidated, because the term invites the very same
"arbitrary enforcement by judges" and "indeterminacy" that
**Dimaya** has found defective.

The definition of "pattern of racketeering activity" in
the RICO statute, §§1961 and 1962, is relevant in this case
because this definition is incorporated into petitioner's
count of conviction, **18 U.S.C. §1959**. And therefore this
Honorable court should grant petitioner permission to further
petition herein issues, extending the **Dimaya** principle of law
to the term "pattern of racketeering activity" here.

### 4. A VIOLATION OF 21 U.S.C. §846 DOES NOT QUALIFY AS A "RACKETEERING ACTIVITY" FOR PURPOSE OF §1959

**18 U.S.C. §1959**, which is often referred to as VICAR
statute (Violent Crimes in Aid of Racketeering), was enacted
to curtail the violent criminal activity that is often
associated with racketeering enterprise. The Second Circuit
has indicated that the relationship between §1959 and the
substantive RICO provisions require that the VICAR provisions
be given the same liberal constitution as RICO. Many of the
concepts involved in VICAR cases, such as definition of
"enterprise" and "racketeering activity", have the same
meaning as in RICO cases. That is why RICO's term "pattern of
racketeering activity" is relevant here in this case.

Although §1959 has a separate provision defining the term
"enterprise", it is intended to have the same meaning as a
RICO enterprise, so all of the case law discussing enterprise
in RICO is applicable to §1959 as well: §1959 specifically

14

defines racketeering activity to include the list of
predicate acts in **18 U.S.C. §1961(1)**. Therein lies the
question of "indeterminacy".

In determining the scope of the federal RICO statute the
court must first look at the statutory language (**United
States v. Turkette, 452 U.S. 576 [1981]**). The federal RICO
statute defines "racketeering activity" with an exhaustive
list of federal crimes (see **18 U.S.C. §1961(a)(B)-(G)**).
Conspiracy to distribute controlled substance is not included
in this exhaustive list of crimes (See **18 U.S.C. §1961(1)**),
such ambiguous statutory language, "in the absence of clearly
expressed legislative intent to the contrary...must
ordinarily be regarded as conclusive" (**Turkette, Id. @ 580**).

While the federal RICO statute defines "racketeering
activity" to include the felonies manufacture, importation,
receiving, concealment, buying, selling or otherwise dealing
with controlled substances...felonies punishable under
anywhere of the United States, **18 U.S.C. §1961(1)(E)**, a
conspiracy to distribute controlled substance in violation of
federal laws does not required proof that a defendant
manufactured, imported received, concealed, bought, sold, or
otherwise dealt with controlled substances (see **21 U.S.C.
§846**). Rather, the federal drug conspiracy statute simply
requires proof that the defendant solely agreed to accomplish
an illegal objective and intended to commit the underlying
offense (**United States v. Labrado-Bustamante, 428 F.2d 1252,
1260 (9th Cir. 2005)** (citation omitted). In fact, "[t]he

15

government need not [even] prove the commission of any overt act in furtherance of the conspiracy..." (**United States v. Shabani**, 115 S.Ct. 382 (1993)). For these reasons conspiracy to distribute controlled substances in violation of federal law is not "racketeering activity" as defined under the federal RICO statute.

The facts herein now bring into question as to whether or not the District Court had jurisdiction to convict petitioner of VICar, where the element of a violation of interstate commerce is a necessary element to be found by the jury, and that question exists as to whether the jury found said interstate commerce element in this case. (It should be noted that the jurisdiction nexis os interstate commerce is questioned here as well, and that decision in **United States v. Vasquez**, 267 F.3d 79 (2nd Cir. 2001), and **United States v. Parks**, 497 F.3d 220 (2nd Cir. 2007), will have an effect on the outcome of this case).

If conspiracy to distribute controlled substance no longer qualify as "racketeering activity" for purposes of §1959 and §1961, than jurisdiction is in question. For in **Johnson**, the Supreme Court held that ACCA and §924(2)(B) residual clauses is "unconstitutionally vague"; and then in **Dimaya**, they held that **18 U.S.C. §16(B)**'s residual clause is also "unconstitutionally vague". The question is whether the principle law of Johnson and Dimaya apply to the parallel of "or otherwise dealing in a controlled substance" definition of **18 U.S.C. §1961(1)(E)**. The answer is, yes. The otherwise

16

dealing residual clause suffers from the same flaws that
compelled the Supreme Court to declare the 924(E)(2)(B) and
16(B) residual clause as "unconstitutional" as it produces
more unpredictability and indeterminacy than the due process
clause tolerates.

In **Dimaya**, the Supreme Court held the same analysis as
set forth in **Johnson**, which held that the same analytical
process that **18 U.S.C. §16(B)** demands for determining whether
a felony qualifies as a "crime of violence" result in
unpredictability, guesswork, and arbitrary enforcement.
Section **16(B)** requires "a court to picture the kind of
conduct that the crimes involves in the 'ordinary case' and
judge whether that 'abstraction' presents a serious risk of
injury. but 'grave uncertainty' surrounds what constitutes
the hypothetical 'ordinary case'." A court must also qualify
the risk of that "ordinary case"--the judicially imagined
ordinary case of certain enumerated offense in section 16.
This too results in a wide ranging inquiry, unbound by
predictability standards. Therefore, the residual clause is
"unconstitutional" and denies defendants due process. Since
**18 U.S.C. §1961(1)(E)** requires the same "ordinary case"
inquiry review, i.e., trying to guess at what "otherwise
dealing" in controlled substance might mean, courts' should
not apply this void for vagueness without violating due
process.

Because §1959 does not require that the "enterprise"
engage in a "pattern of racketeering activity" there is no

17

requirement that the government prove the predicate activities were related and that they created a threat of continued activity as required in RICO cases. This fact creates "uncertainty" and "contradictions". Indeed, although there is no case law discussing the question, it is not clear from the language of the statute that the government must prove more than one predicate act.

The definition of "pattern of racketeering activity" in §1959 and §1961 invite such uncertainty and arbitrary enforcement, and this court, therefore, should grant permission to petitioner so he can further petition the herein issues in the District Court.

This Court should further consider petitioner issues to be consistent with the purpose of the great writ. "It (The Great Writ) is not and never has been a static, narrow, formalistic remedy, its scope has grown to achieve its grand purpose - the protection of individuals erosion of their right to be free from wrongful restraints upon their liberty" **Schlanger v. Seamans**, **401 U.S. 487, 491 n. 5 (1971)**. Thus, in the Supreme Court's decision "constructing the reach of the habeas statutes." [T]he court uniformly, has been guild by the proposition that the writ should be made available to afford relief and "has performed it's statutory task through a sensitive weighing of the interested implicated by Federal Habeas Corpus adjudication of constitutional claims," **Kuhlmann v. Wilson**, **477 U.S. 436, 447-448 (1986)**. While the Antiterrorism and Effective Death Penalty Act has narrowed

18

the scope, of the writ, this Court should determine the
weighing of the interest, in the context of petitioner's
substantive rule and actual innocent claim, against the
state's countervailing interest in finality is less
compelling and the purpose of the great writ in preventing
unjust confinement tips the scale. As such, this Court should
grant petitioner permission in order to further brief the
"Constitutional Claims". See, **Montgomery v. Louisiana, 136
S.Ct. 781 @ 732 (2016)**.

### CONCLUSION

Petitioner contends that he has made a *"prima facie"*
showing of a denial of a constitutional right. Additionally,
he contends that he has also relied upon a substantive rule
to substantiate his claims. Therefore, as is the remedy he
seeks, his sentence must be decided in the first instance by
the District Court. With that said, he prays that this
Honorable Court grant him permission to file a second
successive petition, as set forth in **Session v. Dimaya, 138
S.Ct. 1204 (2018)**. See also, **Welch, Id. at 1265**.

I declare the aforementioned to be true and correct, to
the best of my knowledge, under the penalty of perjury,
pursuant to **28 U.S.C. 1746**.

DATED: February _20_ , 2019
        Stormville, New York 12582

Respectfully submitted,

_R. Ocasi_

Ronald Ocasio, Pro Se

19

## PROOF OF SERVICE

I certify that on 20 day of February 2019 I mailed a copy of this motion, and all attachments, to the following address:

United States Attorney's Office
Southern District of New York
Sylvio J. Mollo Building
One St. Andrew's Plaza
New York, NY 10007

I declare that the aforementioned declaration to be true and correct, to the best of my knowledge, under the penalty of perjury, pursuant to **28 U.S.C. §1746.**

Respectfully,

R. Ocasi

Ronald Ocasio

# UNITED STATE COURT OF APPEAL
# FOR THE SECOND CIRCUIT

```
-----------------------------------------X
```
Ronald OCASIO,
         Petitioner,

   Vs.

United States of America
       Respondent
```
-----------------------------------------X
```

**SUPPORTING DECLARATION OF
RONALD OCASIO**

Docket No. 19-487

RECEIVED 2019 MAR 20 PM 3:23 U.S. COURT OF APPEALS SECOND CIRCUIT

I, Ronald OCASIO, declare the following to be true and correct under penalty of perjury, pursuant to 28 U.S.C. Sec. 1746:

(1) I am the petitioner in the above captioned action;

(2) I make this declaration in support of my application to file a second or successive section 2255 proceeding, based on a substantive rule to substantiate my claim, upon the recent decision in <u>Session v. Dimaya</u>, 138 S.Ct. 1204 (2018), and the actual innocence of my conviction and sentence, which is "unconstitutional" under the Fifth Amendment's due process clause within the meaning of that statutory test as interpreted by the <u>Dimaya</u> decision.

(3) On February 20, 2019, I submitted an original and two copies of the above motion to the United States Court of Appeals for the Second Circuit, located at 40 Foley Square, New York, NY 10007.

(4) On February 20, 2019, I submitted a copy of the above motion to the United States Attorney Office, Southern District of New York, NY 10007, attached with proof of services for the above party.

(5) I further sought permission from the honorable court to grant appointment of counsel in order for petitioner to further brief the District Court on the denial of his constitutional rights.

(6) On March 6, 2019, I received, from the United States Court of Appeals, Second Circuit, two notices of defective filings, one missing supporting papers for motion (e.g.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Ronald Ocasio

v.

UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE***

Docket Number: 19-487

RECEIVED
2019 MAR 20 PM
U.S. COURT OF APPEALS
SECOND CIRCUIT

I, Ronald Ocasio , hereby certify under penalty of perjury that
(print name)
on MARCH 14, 2019 , I served a copy of SUPPORTING DECLARATION
(date) OF RONALD OCASIO (FRAP 27)
(list all documents)

by (select all applicable)**

___ Personal Delivery ✓ United States Mail ___ Federal Express or other
Overnight Courier

___ Commercial Carrier ___ E-Mail (on consent)

on the following parties:

UNITED STATES ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF NEW YORK
Name              Address              City        State        Zip Code
ONE ST. ANDREW'S PLAZA      NEW YORK, N.Y., 10007
Name              Address              City        State        Zip Code

_____
Name              Address              City        State        Zip Code

_____
Name              Address              City        State        Zip Code

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding.  The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

MARCH 14, 2019
Today's Date

R. Ocasi
Signature

Certificate of Service Form (Last Revised 12/2015)

# UNITED STATE COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:
_OCASIO_

_U.S.A._
_CASE NO. 95-CR-942 (DAB)_

**CERTIFICATE OF SERVICE**

Docket No. _____

I, _RONALd OCASIO_ _(name)_, hereby certify under penalty of perjury that on _FEBRUARY 20, 2019_ _(date)_, I served a copy of _AUTHORIZING DISTRICT COURT TO CONSIDER Second 2255 MOTION AND (2) TWO FORM T-1080_. _(list all documents)_

by (select all applicable)*

☑ United States Mail
☐ Federal Express
☐ Overnight Mail
☐ Facsimile
☐ Email
☐ Hand Delivery

On the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip |
|------|---------|------|-------|-----|
| UNITEd STATES ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF NEW YORK | ONe ST. ANdREW'S PlAZA | NEW YORK, N.Y., 10007 | | |
| | | | | |
| | | | | |

_FEB. 20, 2019_
Today's Date

_R. Ocasio_
Signature

* If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

KONAM UCASD 94-B-5445
GREEN HAVEN CORR. FAC.
594, Route 216
STORMVILLE, N.Y., 12582

USM40LD
SDNY

CLERK OF COURT
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
THURGOOD MARSHALL U.S. COURT HOUSE
40 FOLEY SQUARE
NEW YORK, N.Y., 10007