**MANDATE**

S.D.N.Y. – N.Y.C.
95-cr-942
08-cv-1305
18-cv-122
Batts, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/04/2020

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

Present:
    John M. Walker, Jr.,
    Dennis Jacobs,
    Joseph F. Bianco,
        *Circuit Judges*.

Ronald Ocasio,

        *Petitioner*,

    v.                                                      19-487

United States of America,

        *Respondent*.

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion, primarily based on *Johnson v. United States*, 576 U.S. 591 (2015), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Petitioner argues, inter alia, that his 18 U.S.C. § 924(c) convictions, predicated on, inter alia, conspiracy to commit murder under 18 U.S.C. § 1959(a)(5), are no longer valid after *Johnson*, *Dimaya*, and *Davis*. Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is lifted, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court. *See* 28 U.S.C. § 1631. Petitioner has made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h).* *Bell v. United*

---

\* For purposes of this order, we rely on the papers filed in the present proceeding, the indictment and judgment attached to the copy of Petitioner's presentence report that was provided to this Court, the copy of the indictment included with the pdf version of Petitioner's co-defendant's direct appeal brief, *see United States v. Ocasio (Rodriguez)*, 2d Cir. 98-1409 (L), 1999 WL 33628832 (2d Cir. 1999) (brief and partial appendix), and this Court's direct appeal decision affirming Petitioner's criminal judgment, *see United States v. Carrillo (Ocasio)*, 229 F.3d 177, 178 (2d Cir. 2000), for the relevant details of Petitioner's counts of conviction and the § 924(c)

*States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam) (discussing prima facie standard).

We acknowledge that Petitioner's § 924(c) convictions might still be supported by valid predicates, even if the predicate noted above is no longer valid after *Johnson*, *Dimaya*, and *Davis*. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform, particularly since portions of the record are not currently available to this Court. More importantly, that type of detailed review and factfinding is generally inappropriate in a gatekeeping proceeding where the Court only needs to determine whether a prima facie showing has been made and the Court is statutorily required to reach a decision quickly (or as quickly as circumstances permit). *See In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019).

As a consequence of our order, the district court will have the preliminary task of determining whether the claims in Petitioner's § 2255 motion – as to which we have only concluded that a prima facie showing has been made as to one of them – satisfy the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h). *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018).

For present purposes, we have not examined any other claims, or adopted any specific arguments, raised by Petitioner. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("The court of appeals must examine the [successive] application to determine whether it contains any claim that satisfies . . . § 2255[(h)]. If so, the court should authorize the prisoner to file the entire application in the district court, even if some of the claims in the application do not satisfy the applicable standards."), *abrogated on other grounds by United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015).

It is further ORDERED that Petitioner's motion for in forma pauperis status and assignment of counsel is DENIED without prejudice to those matters being considered by the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

predicates. *See also* S.D.N.Y. 95-cr-942, entry 152 (noting use of redacted indictment, with renumbered counts, for jury deliberation purposes). Any dispute as to those matters should be brought to the attention of the district court.

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit