...
...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD OCASIO,<br><br>        Movant,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 20 Civ. 9733 (JPC)<br><br>95 Cr. 942 (JPC)<br><br><u>ORDER</u> |

JOHN P. CRONAN, United States District Judge:

  Petitioner, proceeding *pro se*, filed a successive habeas petition pursuant to 28 U.S.C. § 2255.  (Dkt. 394.)[1]  In this petition, Petitioner requested that the Court assign him counsel. (*Id.* at 19.)  Petitioner also sent a letter dated January 4, 2021 to the *Pro Se* Intake Unit, which was received in chambers via interoffice mail on February 17, 2021, requesting the appointment of counsel.  The Court subsequently docketed this.  (Dkt. 397.)  On February 12, 2021, the Government filed a letter response to the petition, in which the Government requested that the Court appoint Petitioner counsel to file a supplemental brief addressing his *Brady* claim.  (Dkt. 396 at 1, 6-8.)  On February 17, 2021, the Court received a letter via email from Sarah Chaudhry, Petitioner's counsel for Petitioner's New York Crim. Proc. Law § 440.10 motion to vacate a state court conviction, in which Ms. Chaudhry also requested that Petitioner be appointed counsel in this matter.  The Court docketed this.  (Dkt. 398.)  The Court construes Petitioner's request for counsel as a one pursuant to 18 U.S.C. § 3006A(a)(2)(B).  For the reasons that follow, the Clerk of Court is respectfully directed to appoint Petitioner counsel from this District's Habeas Panel.

---

[1] All docket citations are to the criminal docket, *United States v. Ocasio*, 95 Cr. 942 (S.D.N.Y.).

## LEGAL STANDARD

The Criminal Justice Act ("CJA") provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255[.]" 18 U.S.C. § 3006A(a)(2)(B). When exercising discretion whether to appoint counsel under this provision, courts consider "the same factors as those applicable to requests for *pro bono* counsel made by civil litigants." *Jerez v. Bell*, No. 19 Civ. 2385 (CM), 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019). Petitioner must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. Next, as a threshold matter, the Court must determine "whether the indigent's position seems likely to be of substance" and "appears to have some chance of success." *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *see also McGrigg v. Killian*, No. 08 Civ. 6238 (RMB) (DF), 2009 WL 536048, at *1 (S.D.N.Y. Feb. 26, 2009). Once the threshold inquiry is made, Courts consider other factors, such as "[t]he complexity of the legal issues and the movant's ability to investigate and present the case." *Jerez*, 2019 WL 1466899, at *4; *see also Hodge*, 802 F.2d at 61-62.

## DISCUSSION

While Petitioner seemingly has not officially moved to proceed *in forma pauperis* as part of his latest successive motion, a filing dated May 13, 2019 indicates that he has no assets and earns $6.00 per week. (Dkt. 391-3.) Petitioner therefore qualifies as indigent.

Next, the Court finds that issues in the instant petition are "likely to be of substance." *Hodge*, 802 F.2d at 61. Petitioner raises a *Brady* claim for which the Government "is not prepared at this preliminary stage to take the position that [Petitioner's] underdeveloped *Brady* claim is without merit." (Dkt. 396 at 1.). The Government therefore asserts that it is in the "interests of justice" for the Court to appoint counsel to address his *Brady* claim. (*Id.* at 7-8.) The Court

therefore finds that Petitioner appears to have at least "some chance of success" with regard to this claim.  *Hodge*, 802 F.2d at 60-61.  Finally the Court has considered the other *Hodge* factors and finds that they weigh in favor of appointment of counsel.  For example, Petitioner's *Brady* claim may require some "factual investigation" and the legal issues here are complex.  *Id.* at 61-62.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to appoint counsel for Petitioner from this District's Habeas Panel.  Within seven days of appointment, the parties shall file a joint letter proposing a briefing schedule for Petitioner to file a supplemental brief addressing his *Brady* claim.

The Clerk of Court is further directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated:  February 23, 2021
        New York, New York

                                                    _____
                                                    JOHN P. CRONAN
                                                    United States District Judge